KEVIN F. KIEFFER, State Bar No. 192193
kevin.kieffer@troutman.com
MONIQUE M. FUENTES, State Bar No. 201501
monique.fuentes@troutman.com
ROSS SMITH, State Bar No. 204018
ross.smith@troutman.com
TROUTMAN PEPPER HAMILTON SANDERS LLP
5 Park Plaza, Suite 1400
Irvine, CA 92614-2545
Telephone: 949.622.2700
Facsimile: 949.622.2739

*Attorneys for Plaintiff*
*Beazley Insurance Company, Inc.*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

BEAZLEY INSURANCE COMPANY, INC.,

Plaintiff,

v.

GUESS?, INC., and PAUL MARCIANO,

Defendants.

Case No. 2:21-cv-9962

**COMPLAINT FOR DECLARATORY RELIEF**

**DEMAND FOR JURY TRIAL**



TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

Plaintiff Beazley Insurance Company, Inc. ("Beazley") brings this Complaint against defendants Guess?, Inc. ("Guess") and Paul Marciano ("Marciano") (together, "Defendants"). Beazley is informed and believes and therefore alleges as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332. There is complete diversity between parties, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

2. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims at issue occurred in this District. Additionally, at least one of the defendants resides in this District, and thus venue is also proper under 28 U.S.C. § 1391(b)(1).

**THE PARTIES**

3. Beazley is a Connecticut corporation with its principal place of business in the State of Connecticut.

4. Beazley is informed and believes, and thereon alleges, that Guess is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Los Angeles, California, and is a citizen of California within the meaning of 28 U.S.C. § 1332(a).

5. Beazley is informed and believes, and thereon alleges, that Marciano is a resident of California, and a citizen of California within the meaning of 28 U.S.C. § 1332(a). Marciano is the co-founder of Guess, and, prior to June 12, 2018, was the company's Executive Chairman and Chief Creative Officer. On information and belief, Marciano is currently the company's Chief Creative Officer.

**INTRODUCTION**

6. Beazley seeks a declaration concerning the rights and obligations of the parties under an insurance policy Beazley issued to Guess for the December 15,

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

2017 to December 15, 2018 Policy Period ("Policy"). Specifically, Beazley seeks a declaration that it has no obligation under the Policy to defend or indemnify Guess or Marciano (jointly, the "Insureds") in connection with a January 2021 lawsuit by Jane Doe alleging sexual misconduct by Marciano (the "*Doe* Lawsuit," defined and discussed further below), because the *Doe* Lawsuit, a series of similar claims made in 2018,[1] and a 2009 lawsuit filed against the Insureds (the "*Ring* Lawsuit," defined and discussed below) involve "Interrelated Wrongful Acts" such that they are deemed a single Claim under the Policy, first made prior to the Policy's inception.

7. Beazley also seeks a declaration that it has no obligation under the Policy to defend or indemnify the Insureds in connection with any and all other claims Guess has noticed to Beazley as of December 1, 2020, not first made during the Policy's December 15, 2017 to December 15, 2018 Policy Period, that involve the same Wrongful Act or Interrelated Wrongful Acts as the *Ring* Lawsuit.

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

## **FACTUAL BACKGROUND**

### **The Policy**

8. Beazley issued Employment Practices Liability Policy No. V175AA170401 to Guess for the December 15, 2017 to December 15, 2018 **Policy Period**.[2] The Policy is a claims-made-and-reported policy, providing coverage only for **Claims** first made during the **Policy Period** and reported to Beazley in accordance with the Policy's reporting requirements. A true and correct copy of the Policy with the Policy Application removed is attached hereto as Exhibit A.

9. As noted below, subject to its terms and conditions, the Policy provides coverage for **Claims** made against **Insureds** for certain wrongful acts of

---

[1] Although some of the claimants have made public allegations against Marciano and Guess, their actual demands or lawsuits (discussed below) are either not public or do not identify them by name. Beazley accordingly will refer to the claimants as the "2018 Claimants"..

[2] Other than headings, words appearing in bold are defined terms in the Policy.

**Insureds**. The Policy defines "**Insureds**" to mean "the **Insured Persons** and the **Insured Organization**." Employment Practices Liability Clause ("EPL Clause"), Section II.J. "**Insured Person**" includes, among other things, "any person who was, now is, or shall be an **Employee** or duly elected or appointed directors, officers, trustees or **Managers** of the **Insured Organization**[.]" *Id.*, Section II.K. "**Insured Organization**" includes the "**Named Insured** and its **Subsidiaries**." Policy Terms and Conditions, Section I.C. "**Named Insured**" means "the entity designated in Item 1. of the Declarations." *Id.*, Section I.F.

<u>The Policy Requires That a Claim</u>
<u>Must Be First Made During the Policy Period or</u>
<u>Arise Out of a Specific Wrongful Act Noticed During the Policy Period</u>

10. Subject to its terms and conditions, the Policy only provides coverage for **Claims** first made (and reported) during the **Policy Period**. Specifically, Section I.A. of the EPL Clause provides that:

> [Beazley] shall pay on behalf of the **Insureds** all **Loss** resulting from any **Claim** first made against any **Insured** and reported in writing to [Beazley] during the **Policy Period** . . . for a **Wrongful Act**.

11. The Policy defines a "**Claim**," in pertinent part, to include "a written demand or request for monetary damages or non-monetary relief against any of the **Insureds**" or "a civil, criminal, administrative, investigative or regulatory proceeding initiated against any of the **Insureds** . . . commenced by: a. the service of a complaint or similar pleading[.]" EPL Clause, Section II.B. The "**Policy Period**" is December 15, 2017 to December 15, 2018. Policy Declarations, Item 2. Thus, in order for coverage to exist under the Policy (subject to the other terms and conditions of the Policy), the **Claim** must have been first made against any **Insured** between December 15, 2017 and December 15, 2018.

12. In addition, Section IX.B. of the Policy Terms and Conditions states, in relevant part:

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

> If during the **Policy Period**, except for the **Optional Extension Period**, the **Insureds** first become aware of a specific **Wrongful Act** and if the **Insureds** during the **Policy Period**, except for the **Optional Extension Period**, give written notice to [Beazley] as soon as practicable of:
>
> 1. the specific **Wrongful Act**;
>
> 2. the consequences which have resulted or may result therefrom; and
>
> 3. the circumstances by which the **Insureds** first became aware thereof,
>
> Then any **Claim** made subsequently arising out of such **Wrongful Act** shall be deemed for the purposes of this Policy to have been made at the time such notice was first given.

<u>Multiple Claims Involving Interrelated Wrongful Acts are Deemed a Single Claim Made at the Time the Earliest Such Claim is First Made</u>

13. Section III.E. of the Policy Terms and Conditions provides the following with respect to multiple claims:

> More than one **Claim** involving the same **Wrongful Act** or **Interrelated Wrongful Acts** shall be deemed to constitute a single **Claim** and shall be deemed to have been made at the earliest of the following times:
>
> 1. the time at which the earliest **Claim** involving the same **Wrongful Act** or **Interrelated Wrongful Acts** is first made; or
>
> 2. the time at which the **Claim** involving the same **Wrongful Act** or **Interrelated Wrongful Acts** shall be deemed to have been made pursuant to Clause IX.B.

14. The Policy defines "**Wrongful Act**" to mean "**Inappropriate Employment Conduct**, **Discrimination**, **Harassment**, and/or **Retaliation** by any of the **Insureds** against an **Insured Person** or an applicant for employment of the **Insured Organization**[.] **Wrongful Act** shall also include a **Third Party Wrongful Act**." EPL Clause, Section II.R.

15. "**Third Party Wrongful Act**" means "any actual or alleged harassment or discrimination, including discriminatory or sexual harassment, by



TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

any of the **Insureds** against any natural person who is not an **Insured Person** or an applicant for employment of the **Insured Organization**." EPL Clause, Section II.P., as amended by Amend Third Party Wrongful Act Endorsement.

16. The Policy defines "**Interrelated Wrongful Acts**" to mean "any and all **Wrongful Acts** which have as a common nexus any fact, circumstance, situation, event, transaction, cause or series of causally or logically connected facts, circumstances, situations, events, transactions or causes." Policy Terms and Conditions, Section I.D.

17. Therefore, under the Policy, there is no coverage for any **Claims** alleging **Wrongful Acts** which share a common nexus of any fact, circumstance, situation, event, transaction, cause or series of causally or logically connected facts, circumstances, situations, events, transactions or causes with any **Claim** first made prior to December 15, 2017.

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

## The *Ring* Lawsuit

18. On or about September 25, 2009, Lindsey Ring filed a complaint against Guess and Marciano in California Superior Court for Los Angeles County, case number BC422576 ("*Ring* Complaint" or "*Ring* Lawsuit"). A true and correct copy of the *Ring* Complaint is attached hereto as Exhibit B, and, rather than summarizing or paraphrasing the allegations underlying the *Ring* Complaint, Beazley incorporates the contents of the *Ring* Complaint as if fully set forth here.

19. Upon information and belief, Guess had employment practices liability insurance coverage with an insurance company other than Beazley (which did not insure Guess or Marciano at the time), which accepted coverage for the *Ring* Lawsuit, subject to a reservation of rights.

## The 2018 Claims

20. In or around February 2018, multiple women (the "2018 Claimants") alleged to Guess that they had experienced improper conduct by Marciano ("2018 Claims").

21. On or about June 12, 2018, Guess publicly announced that it had entered into non-confidential settlement agreements resolving five of the 2018 Claims for an aggregate amount of $500,000, and that Marciano had agreed to resign as the company's Executive Chairman. *See* Exhibit C (June 12, 2018 SEC Form 8-K).[3]

22. The Insureds are not presently seeking coverage from Beazley for the 2018 Claims under the Policy.

**The December 2018 Notice and Beazley's Response Thereto**

23. On December 13, 2018, counsel for Guess sent a letter to Beazley, purporting to be notice of alleging "Wrongful Acts" pursuant to Policy Terms and Conditions Section IX.B. ("December 2018 Notice").

24. On January 4, 2019, Beazley, through counsel, responded to the December 2018 Notice, explaining why it was not proper notice of alleged "Wrongful Acts" pursuant to Policy Section IX.B. and that any future Claim arising out of the matter discussed in the Notice would likely involve **Interrelated Wrongful Acts** with the *Ring* Lawsuit and thus constitute a **Claim** first made in 2009, prior to the **Policy Period**.

**The *Doe* Lawsuit**

25. On January 19, 2021, Jane Doe ("Doe") filed a Complaint against Guess and Marciano in the action entitled *Jane Doe v. Marciano, et al.*, No. 21STCV02126 (Los Angeles County Superior Court) (the "*Doe* Lawsuit").[4] A true and correct copy of the *Doe* Lawsuit is attached hereto as Exhibit D, and, rather than summarizing or paraphrasing the allegations underlying the *Doe*

---

[3] https://www.sec.gov/Archives/edgar/data/912463/000091246318000039/form8kjune122018.htm

[4] As noted, a true and correct copy of the Complaint in the *Doe* Lawsuit is attached hereto as Exhibit D, and incorporated by reference as if fully set forth herein. If Jane Doe has made any non-public demands against Marciano and/or Guess those and the public allegations in the *Doe* Lawsuit arecollectively referred to as the "Doe Matter").



TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

Lawsuit, Beazley incorporates the contents of the *Doe* Lawsuit as if fully set forth here.

26. Per court order dated May 20, 2021, the *Doe* Lawsuit has been stayed pending completion of arbitration between the parties.

**Commonalties Between the *Ring* Lawsuit, 2018 Claims, and *Doe* Lawsuit**

27. The *Ring* Lawsuit, 2018 Claims, and *Doe* Lawsuit have as a common nexus numerous alleged facts, circumstances, situations, events, transactions, causes or series of causally or logically connected facts, circumstances, situations, events, transactions or causes.

**The Insureds Tender the Doe Matter to Beazley and Beazley Denies Coverage**

28. Guess and Marciano tendered the Doe Matter to Beazley for coverage under the Policy. Beazley declined coverage for the Doe Matter because the Doe Matter, 2018 Claims, and *Ring* Lawsuit involve "**Interrelated Wrongful Acts**," as that term is defined in the Policy, and thus constitute a single **Claim** first made in September 2009 – the time of the *Ring* Lawsuit – before the inception of the Policy.

29. In the alternative, Beazley denied coverage because, even if the Doe Matter is not deemed a **Claim** first made in September 2009, it would constitute a **Claim** first made in September 2020, after the last policy issued by Beazley to Guess expired on December 15, 2019.

30. Beazley also rejected Guess' assertion that the Doe Matter should be deemed a **Claim** made within the Policy's December 15, 2017 to December 15, 2018 **Policy Period** based on Guess' December 2018 Notice, because Policy Section IX.B. only applies to **Claims** arising out of the "specific **Wrongful Act**" set forth in the notice provided thereunder, and is not a catchall or blanket provision applying generally to any **Claim** that may involve similar facts or circumstances to the **Wrongful Act** involved in the prior notice.

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

31. Beazley also noted that, even if the Doe Matter arose out of the specific **Wrongful Acts** involved in the 2018 Claims, it involves **Interrelated Wrongful Acts** with the *Ring* Lawsuit and thus constitutes a **Claim** first made in 2009, before the Policy incepted.

**COUNT I**

**(Declaratory Relief – Against Guess and Marciano – No Coverage for Doe Matter – Deemed "Claim" First Made Prior to Policy Period)**

32. Beazley repeats and incorporates by reference the allegations in paragraphs 1 through 31 of the Complaint as though set forth fully herein.

33. Subject to its terms and conditions, the Policy provides coverage for **Claims** made against **Insureds** for certain wrongful acts of **Insureds**. The Policy defines "**Insureds**" to mean "the **Insured Persons** and the **Insured Organization**." EPL Clause, Section II.J. "**Insured Person**" includes, among other things, "any person who was, now is, or shall be an **Employee** or duly elected or appointed directors, officers, trustees or **Managers** of the **Insured Organization**[.]" *Id.*, Section II.K. "**Insured Organization**" includes the "**Named Insured** and its **Subsidiaries**." Policy Terms and Conditions, Section I.C. "**Named Insured**" means "the entity designated in Item 1. of the Declarations." *Id.*, Section I.F. Guess and Marciano constitute "**Insureds**" under the Policy.

34. Subject to its terms and conditions, the Policy only provides coverage for **Claims** first made (and reported) during the **Policy Period**. Specifically, EPL Clause, Section I.A., states:

> [Beazley] shall pay on behalf of the **Insureds** all **Loss** resulting from any **Claim** first made against any **Insured** and reported in writing to [Beazley] during the **Policy Period** . . . for a **Wrongful Act**.

35. The Policy defines a "**Claim**," in pertinent part, to include "a written demand or request for monetary damages or non-monetary relief against any of the **Insureds**" or "a civil, criminal, administrative, investigative or regulatory

proceeding initiated against any of the **Insureds** . . . commenced by: a. the service of a complaint or similar pleading[.]" EPL Clause, Section II.B. The *Ring* Lawsuit, 2018 Claims, and Doe Matter constitute "**Claims**" within the meaning of the Policy.

36. The "**Policy Period**" is December 15, 2017 to December 15, 2018. Policy Declarations, Item 2.

37. Thus, in order for coverage to exist under the Policy (subject to the other terms and conditions of the Policy), a **Claim** must have first been made against any **Insured** between December 15, 2017 and December 15, 2018.

38. Section III.E. of the Policy Terms and Conditions states:

> More than one **Claim** involving the same **Wrongful Act** or **Interrelated Wrongful Acts** shall be deemed to constitute a single **Claim** and shall be deemed to have been made at the earliest of the following times:
>
> 1. the time at which the earliest Claim involving the same Wrongful Act or Interrelated Wrongful Act is first made; or
>
> 2. the time at which the Claim involving the same Wrongful Act or Interrelated Wrongful Acts shall be deemed to have been made pursuant to Clause IX.B.

39. The Policy defines "**Wrongful Act**" to mean "**Inappropriate Employment Conduct**, **Discrimination**, **Harassment**, and/or **Retaliation** by any of the **Insureds** against an **Insured Person** or an applicant for employment of the **Insured Organization**[.] **Wrongful Act** shall also include a **Third Party Wrongful Act**." EPL Clause, Section II.R.

40. "**Third Party Wrongful Act**" means "any actual or alleged harassment or discrimination, including discriminatory or sexual harassment, by any of the **Insureds** against any natural person who is not an **Insured Person** or an applicant for employment of the **Insured Organization**." EPL Clause, Section II.P., as amended by Amend Third Party Wrongful Act Endorsement.



TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

41. The *Ring* Lawsuit, 2018 Claims, and Doe Matter allege "**Wrongful Acts**" or "**Third Party Wrongful Acts**" as defined in the Policy.

42. The Policy defines "**Interrelated Wrongful Acts**" to mean "any and all **Wrongful Acts** which have as a common nexus any fact, circumstance, situation, event, transaction, cause or series of causally or logically connected facts, circumstances, situations, events, transactions or causes." Policy Terms and Conditions, Section I.D.

43. The *Ring* Lawsuit, 2018 Claims, and Doe Matter involve **Interrelated Wrongful Acts** because they share as a common nexus multiple alleged facts, circumstances, situations, events, transactions, causes or series of causally or logically connected facts, circumstances, situations, events, transactions or causes: Marciano's pattern of sexually harassing and assaulting current or aspiring Guess employees or models using his position of power within the company and fashion industry.

44. The Doe Matter, 2018 Claims, and *Ring* Lawsuit thus constitute a single **Claim** first made in September 2009 when the *Ring* Lawsuit was filed. As such, they constitute a **Claim** made prior to the inception of the Policy on December 15, 2017.

45. The Doe Matter also cannot be deemed a **Claim** made within the Policy's December 15, 2017 to December 15, 2018 **Policy Period** based on Guess' December 2018 Notice, because Policy Section IX.B. only applies to **Claims** arising out of the "specific **Wrongful Act**" set forth in the notice provided thereunder, and is not a catchall or blanket provision applying generally to any **Claim** that may involve similar facts or circumstances to the **Wrongful Act** involved in the prior notice.

46. There is thus no coverage for the Doe Matter under the Policy because the Policy only covers **Claims** made during the December 15, 2017 to December 15, 2018 **Policy Period**.

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

47. An actual and justifiable controversy exists between Beazley and the Insureds regarding Beazley's obligations under the Policy with respect to the Doe Matter.

48. By virtue of the foregoing, Beazley is entitled to a judgment declaring that coverage is not afforded under the Policy for the Doe Matter.

**COUNT II**

**(Declaratory Relief – Against Guess and Marciano – No Coverage for Doe Matter – Claim First Made After Policy Period)**

49. Beazley repeats and incorporates by reference the allegations in paragraphs 1 through 48 of the Complaint as though set forth fully herein.

50. In the alternative, if the Doe Matter is not deemed a **Claim** first made at the time of the 2009 *Ring* Lawsuit, it would constitute a **Claim** first made after the last policy issued by Beazley to Guess expired on December 15, 2019, and thus there would still be no defense or indemnity coverage available for the Doe Matter.

51. An actual and justifiable controversy exists between Beazley and the Insureds regarding Beazley's obligations under the Policy with respect to the Doe Matter.

52. By virtue of the foregoing, Beazley is entitled to a judgment declaring that coverage is not afforded under the Policy for the Doe Matter.

**COUNT III**

**(Declaratory Relief – Against Guess and Marciano – No Coverage for Other Related Matter(s))**

53. Beazley repeats and incorporates by reference the allegations in paragraphs 1 through 52 of the Complaint as though set forth fully herein.

54. Beazley seeks declaratory relief if and to the extent any additional claimant makes or has made claims against Guess and Marciano after the December 15, 2017 to December 15, 2018 Policy Period involving Marciano's alleged sexual misconduct and alleging **Interrelated Wrongful Acts** with the

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

2018 Claims and *Ring* Lawsuit as that term is defined in the Policy ("Other Related Matter(s)").

55. No coverage is available under the Policy for the Other Related Matter(s) for the same reasons no coverage is available for the Doe Matter.

56. An actual and justifiable controversy exists between Beazley and the Insureds regarding Beazley's obligations under the Policy with respect to the Other Related Matter(s).

57. By virtue of the foregoing, Beazley is entitled to a judgment declaring that coverage is not afforded under the Policy for the Other Related Matter(s).

**PRAYER FOR RELIEF**

WHEREFORE, Beazley prays for the following relief and for judgment against Defendants as follows:

**COUNT I**

1. A judgment declaring that coverage is not afforded under the Policy for the Doe Matter because it constitutes a Claim first made prior to the December 15, 2017 to December 15, 2018 Policy Period.

**COUNT II**

2. In the alternative, a judgment declaring that coverage is not afforded under the Policy for the Doe Matter because it constitutes a Claim first made after the expiration of the last policy issued by Beazley to Guess, which expired on December 15, 2019.

**COUNT III**

3. A judgment declaring that coverage is not afforded under the Policy for any Other Related Matter(s).

**ALL COUNTS**

4. For Beazley's costs of suit herein; and

5. For such other relief as this Court deems just and proper.

Dated: December 28, 2021

TROUTMAN PEPPER HAMILTON SANDERS LLP

By: /s/ Kevin F. Kieffer
Kevin F. Kieffer
Monique M. Fuentes
Ross Smith

*Attorneys for Plaintiff Beazley Insurance Company, Inc.*

**DEMAND FOR JURY TRIAL**

Beazley Insurance Company, Inc. requests a jury trial on all issues so triable.

Dated: December 28, 2021

TROUTMAN PEPPER HAMILTON SANDERS LLP

By: /s/ Kevin F. Kieffer
Kevin F. Kieffer
Monique M. Fuentes
Ross Smith

*Attorneys for Plaintiff Beazley Insurance Company, Inc.*

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545